UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3-14-CV-327-H

*ELECTRONICALLY FILED*

| | |
|---|---|
| KENNETH RYAN ANTHONY | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| | ) |
| COMMONWEALTH OF KENTUCKY | ) |
| et. al. | ) |
| Defendants | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO DISMISS ALL CLAIMS
AGAINST DEFENDANT, COMMONWEALTH OF
KENTUCKY, D/B/A KENTUCKY STATE POLICE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INTRODUCTION

Defendant, Commonwealth of Kentucky, d/b/a Kentucky State Police (Commonwealth of Kentucky) respectfully moves for dismissal of the complaint made against it on the grounds that it possesses Eleventh Amendment Immunity from all federal claims and Governmental Immunity from all state law claims.

STATEMENT OF FACTS

The Plaintiff claims that on or about April 20, 2013 Plaintiff was being driven to his home in Louisville when the car in which he was riding was stopped at a DUI Checkpoint conducted by Kentucky State Troopers on Kentucky Highway 313. Next, Plaintiff alleges he was instructed to exit the vehicle and was forced to strip off all of his

clothing and shoes while on the side of the highway. Plaintiff further alleges that after he was stripped of his clothing, he was beaten, "tased" with an electroshock device 15 times, hog-tied with chains, and pepper-sprayed. All of these alleged actions are said to have occurred at the hands of a number of Kentucky State Troopers (Complaint, ¶ 13). In addition to bringing suit against Troopers he alleges were involved in his arrest, the Plaintiff also brings state and federal law claims against the Commonwealth of Kentucky (Complaint, ¶¶ 26-29). For the following reasons this action should be dismissed in its entirety against the Commonwealth of Kentucky.

## ARGUMENT

1. Defendant, Commonwealth of Kentucky, Possesses Eleventh Amendment Immunity From All Federal Claims.

It is well established that state entities possess Eleventh Amendment Immunity in actions asserting violation of federal civil rights, because a sovereign state is not a person against whom a federal civil rights claim for money damages may be asserted. See Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). See also Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (§ 1983 claim for money damages against state did not present a viable federal claim in a case where the Court addressed the issue of whether a federal court has jurisdiction in a removal action to hear state law claims under the Eleventh Amendment where the state had waived immunity for such claims to be heard in state court); Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (absent consent, Eleventh Amendment shields state from suit regardless of the type of relief sought); Hutsell v. Sayre, 5 F.3d 996 (6th Cir. 1993)

(dismissing § 1983 action brought against University of Kentucky as an arm of the state, and further holding that Kentucky has only waived its sovereign immunity for suits against agencies to the extent claims are allowed under the Board of Claims Act).

Further, the Commonwealth has not waived its sovereign immunity for claims such as those being asserted in the Complaint. For these reasons, Defendant Commonwealth is not amenable to suit for claims for money damages asserted for violation of federal civil rights and all claims against the Commonwealth must be dismissed as such.

2. <u>Defendant, Commonwealth of Kentucky, Possesses Governmental Immunity From Plaintiff's State Law Claims.</u>

"Section 231 of the Kentucky Constitution provides that the General Assembly can direct in what manner and in what court suits may be brought against the Commonwealth. Actions can only be brought against the Commonwealth for its negligence pursuant to K.R.S. 44.070 through K.R.S. 44.160 which creates the Board of Claims" <u>Com. Transp. Cabinet Dept. of Highways v.</u> <u>Abner</u>, 810 S.W.2d 504 (Ky.,1991).

Further, "[t]he Board of Claims shall have primary and exclusive jurisdiction over all negligence claims for the negligent performance of ministerial acts against the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any officers, agents, or employees thereof while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus, or agencies". <u>Greene v. Com</u>. 349 S.W.3d 892, 910 (Ky., 2011). Here, the Commonwealth clearly has immunity as to any claim brought in any setting other than the Board of Claims and should be dismissed as such.

Also, under Kentucky law, agencies of the Commonwealth possess governmental immunity from suit when an action is premised upon the agency's performance of a governmental (as opposed to a proprietary) function. See Yanero v. Davis, 65 S.W.3d 510, 519 (Ky. 2001): "[a] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." In determining whether an agency is performing a governmental function, *Yanero*, directs that a court consider whether the agency is engaged in a function traditionally performed by government or a function normally engaged in by private business for profit. *See Yanero*, at 519-20. *Yanero,* further directs consideration of several additional factors to include whether the agency is an arm of central state government, whether it is supported by funds of the state treasury, and whether the agency is carrying out a function integral to state government. See Yanero, at 520-21. See also Autry v. Western Kentucky University, 219 S.W.3d 713, 717 (Ky. 2007) (court summarizes governmental immunity analysis as follows: "[G]overnmental immunity extends to state agencies that perform governmental functions (i.e., act as an arm of the central state government) and are supported by money from the state treasury. However, unless created to perform a governmental function, a state agency is not entitled to governmental immunity. An analysis of what an agency actually does is required to determine its immunity status."). (Internal citations omitted).

KSP is a department organized within a cabinet of the executive branch of the central state government of the Commonwealth, with its budget funded directly by the General Assembly. Likewise, there can be no dispute, by virtue of KSP duties as set forth in KRS 16.060, that KSP's primary function is statewide law enforcement -- a

function that has traditionally and historically been performed by government. See, e.g., City of Elizabethtown v. Caswell, 261 S.W.2d 424, 426 (Ky. 1953) ("[a] municipal corporation, when acting for the purpose of preserving the peace, in the interest of public health, and in enforcement of laws for the safety of the public is acting in governmental capacity. . . ."); Hirschfeld v, Commonwealth, 76 S.W.2d 47, 48 (Ky. 1934) ("It is one of the sovereign powers of government to enforce the observance of all criminal laws within its jurisdiction. . . ."); Caudill v. Pinsion, 24 S.W.2d 938, 940 (Ky. 1930) ("The prevention of crime is a purely governmental function, undertaken for the benefit of the public at large. . . ."). Defendant Commonwealth is entitled to governmental immunity.

## CONCLUSION

For the foregoing reasons, all of the Plaintiff's claims against Defendant Commonwealth of Kentucky d/b/a Kentucky State Police should be dismissed.

Respectfully submitted,

s/ Matt Feltner_____
Matt Feltner
11 State Police Road
London, KY 40741
Ph: (606) 878-6622
Fax: (502) 573-1636
*matt.feltner@ky.gov*
Counsel for Defendant

CERTIFICATE OF SERVICE

       I hereby certify that on May 21, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve an electronic copy on the following counsel of record: Hon. Thomas E. Clay, Hon. Garry R. Adams and Hon. Andrew Lay.

                                                  s/Matt Feltner_____
                                                  Counsel for Defendant