UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3-14-cv-327-CRS

***ELECTRONICALLY FILED***

| | |
|---|---|
| KENNETH RYAN ANTHONY<br>    Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| SERGEANT JEFFREY JENKINS, et al.<br>    Defendants. | )<br>)<br>) |

\* \* \* \* \* \* \*
JOINT MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM
\* \* \* \* \* \* \*

INTRODUCTION

Defendants, Sergeant Jeffrey Jenkins (Sergeant Jenkins) and Trooper Brandon Brooks (Trooper Brooks), through counsel, respectfully move for summary judgment on all claims made against them on the grounds that neither party was involved in the alleged event that gives rise to this complaint.

STATEMENT OF FACTS

The Plaintiff, Kenneth Anthony (Mr. Anthony), claims that on or about April 20, 2013, he was the passenger in a vehicle driven by Mr. Sean P. Booker when the vehicle was stopped at a traffic checkpoint conducted by the Kentucky State Police on Kentucky Highway 313 in Hardin County. (Complaint ¶ 13). Mr. Anthony alleges he was then instructed to exit the vehicle and to remove his clothes and shoes. Mr. Anthony then claims he was subjected to physical abuse that included being "tased," beaten, "hog-tied"

with chains, and finally having pepper spray deployed into his face. Mr. Anthony contends the named Defendant Troopers inflicted all of this harm. Id. Finally, Mr. Anthony contends Sergeant Jenkins failed to provide adequate training to the other defendants in this case. (Complaint ¶ 16).

## ARGUMENT

1. Summary Judgment Standard

Under Rule 56, FRCP, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Id.

Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. Rather, "the non-movant, in response to a

properly made and supported motion for summary judgment, cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009). See also Street v. J.C. Bradford & Company, 886 F.2d 1472, 1479 (6th Cir. 1990) (holding a respondent to a motion for summary judgment "[c]annot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'").

"The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

2. Sgt. Jenkins should be granted summary judgment on all claims made against him

In his complaint, Mr. Anthony claims Sgt. Jenkins should be liable for a failure to train the officers because he was "deliberately indifferent to the police officers' need for training about unlawful seizures, the reasonable use of force, and the use of their tasers." (Complaint ¶ 27). The complaint further alleges Sgt. Jenkins is liable for the Defendant Troopers' "tasing, beating, and pepper spraying of Anthony." (Id. at ¶ 28). Sgt. Jenkins respectfully states that he should not be held liable for the alleged claims.

"The County is liable under § 1983 for failure to train if the Plaintiff can prove three elements: (1) "that a training program is inadequate to the tasks that the officers must perform"; (2) "that the inadequacy is the result of the [County]'s deliberate indifference"; and (3) "that the inadequacy is 'closely related to' or 'actually caused' the

plaintiff's injury." Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir.1989) (citing *City of* Canton v. Harris, 489 U.S. 378, 389–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

First, it must be stated that Sgt. Jenkins was not on the scene, at any time, when the alleged events in question occurred. In response to the claim that Sgt. Jenkins should be liable for the use of Tasers, it must be pointed out that Sgt. Jenkins has no role in any type of training for Taser use by Troopers. Not only does he not provide any training, nor is he authorized to do so, but he also does not conduct or oversee, in any way, the recertification process on Tasers that Kentucky State Troopers perform. No evidence has been proffered and no allegations of fact have been made that would show Sgt. Jenkins has any authority to conduct training dealing with Tasers. Sgt. Jenkins has provided an affidavit stating that he does not provide any type of training for Troopers in regards to Taser use. (Exhibit 1: Affidavit – Jenkins). Thus, he should not be held liable for "failure to train" something that he does not actually have the authority to train.

Next, in regards to the allegations of his failure to train regarding unlawful seizures and unreasonable use of force, Mr. Anthony cannot prove any of the three prongs from the test in Hill v. McIntyre in regards to Sgt. Jenkins. First, Mr. Anthony cannot prove "that a training program is inadequate to the tasks that the officers must perform." Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir.1989) (citing *City of* Canton v. Harris, 489 U.S. 378, 389–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Every Kentucky State Trooper goes through the Kentucky State Police Academy in Frankfort to receive training on proper police procedures. Further, a handbook is provided to every Trooper that details the Kentucky State Police's procedures. Mr. Anthony has proffered no evidence, or even any reasons, why the training received by KSP Troopers was

4

inadequate. As stated in Harvey v. Campbell County, Tennessee, "Further, the record shows that Lowe had completed police academy training and POST training before he was hired by the Campbell County Sheriff's Department. Here, plaintiffs have not produced any affirmative evidence refuting, impugning or challenging this showing." Harvey v. Campbell County, Tennessee, 453 Fed.Appx. 557 (6th Cir. 2011) *unpublished opinion.* (Exhibit 2). Further, even if there could be some evidence to show the training was inadequate, Sgt. Jenkins would not be the person responsible for the training. Sgt. Jenkins is not, and has never been, in charge of the Kentucky State Police Academy or in the drafting of the procedures for the handbook. Sgt. Jenkins is a supervisor to the Troopers that are listed as co-defendants and he was the on-call supervisor on the night of the incident in question. This alone is not enough to make a claim of failure to train or to satisfy the first prong of the test and thus claims against Sgt. Jenkins should be dismissed.

Even though Mr. Anthony cannot satisfy the first prong of the test for failure to train as set out in Hill v. McIntyre, he similarly would fail when faced with the second and third prongs. The second prong requires a showing "that the inadequacy is the result of the [County]'s deliberate indifference." Id. "To show deliberate indifference, Plaintiff "must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Fisher v. Harden, 398 F.3d 837, 849 (6th Cir.2005). Mr. Anthony has not alleged, or even commented, on how Sgt. Jenkins could possibly have been deliberately indifferent to the Trooper's need for training. Sgt. Jenkins has no authority to conduct this type of training, as his role is simply to supervise the Troopers in the performance of their duties. It is simply not in his job description to

provide the type of training that Mr. Anthony alleges he failed to provide. Further, even if Sgt. Jenkins did have authority to conduct this type of training he still must fail under the standard set out above in <u>Fisher v. Hardin</u> as he has made no allegation that any of the co-defendants have a "history of abuse." Even if he had alleged, and been able to show, a history of abuse then he surely has not made any allegation that Sgt. Jenkins was "clearly on notice" that the training received in the Kentucky State Police Academy was insufficient. Further, Sgt. Jenkins is not aware of previous abuses by his Co-Defendants in this case. (Exhibit 1: Affidavit - Jenkins).

As Sgt. Jenkins is not a party responsible for performing any type of the training Mr. Anthony alleges he failed to perform, and that Mr. Anthony has not made any allegations sufficient to satisfy any of the three prongs in the test set out in <u>Hill v. McIntyre</u>, Sgt. Jenkins respectfully moves this Court to grant summary judgment on all federal and state claims against him in their entirety.

3. <u>Trooper Brooks should be granted summary judgment on all claims made against him</u>

In regards to Trooper Brooks, Mr. Anthony alleges various federal and state causes of action. The complaint lists the following causes of action: 1) Unlawful use of excessive force and/or unreasonable seizure in violation of the Fourth and Fourteenth Amendment; 2) Assault and battery under Kentucky law; and 3) Negligence. (Complaint ¶ 18-28). All of the claimed causes of action arise from the arrest of Mr. Anthony.

Trooper Brooks admits that he was part of the traffic stop of the vehicle in which Mr. Anthony was the passenger. However, Trooper Brooks' only involvement in the traffic stop pertained to the driver of the vehicle, Mr. Sean P. Booker (Mr. Booker). (Exhibit 3: Affidavit - Brooks). Trooper Brooks eventually placed Mr. Booker under arrest for two

charges, 1) Operating motor vehicle under the influence of alcohol or drugs and 2) possession of an open alcoholic beverage container in a motor vehicle. (Exhibit 4: Uniform Citation). As Trooper Brooks arrested Mr. Booker and left the scene, Mr. Anthony was waiting on a different vehicle to pick him up and no other events had transpired. (Exhibit 3: Affidavit - Brooks). Trooper Brooks had no involvement with the incident as described in the complaint by Mr. Anthony and his only role was to perform sobriety tests, arrest, and transport Mr. Booker to jail. To reiterate, Trooper Brooks was not at that scene during the arrest of Mr. Anthony nor was he on the scene during any of the incidents complained of in the complaint.

Given that Trooper Brooks was not involved in any of the events complained of by Mr. Anthony in the complaint, Trooper Brooks respectfully moves this Court to grant summary judgment on all federal and state claims against him in their entirety.

## CONCLUSION

For all of the foregoing reasons, Sergeant Jeffrey Jenkins and Trooper Brandon Brooks respectfully request this Court grant summary judgment on all of Plaintiff's claims made against them.

Respectfully submitted,

/s/ Jonathan Tyler Adkins_____
Jonathan Tyler Adkins
The Adkins Firm, PLLC
300 W. Vine St., Ste. 814
Lexington, Kentucky 40507
Ph: (859) 223-5467
*tyler@theadkinsfirm.com*
Counsel for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of June, 2015, I served a copy of the foregoing on the following counsel at their listed ECF email addresses: Hon. Jason S. Morgan, Hon. Matthew J. Johnson, Hon. Stephen G. Amato, and Hon. Christian Matthew Feltner. I also certify that on this 4th day of June, 2015 notice was sent, via certified mail, to the following:

Kenneth Ryan Anthony  
7114 Greenwich Road  
Louisville, KY 40218  
Plaintiff

                                                                      /s/ Jonathan Tyler Adkins_____  
                                                                      Counsel for Defendants Brooks and Jenkins